IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GARY A. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Case No.: 04-0337-BH-C |
| ) | |
| SHERIFF JACK TILLMAN, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on Defendant Jack Tillman's Motion (Doc. 20) to Dismiss and Plaintiff's Response (Doc. 23) to that motion. Tillman asserts that Plaintiff's reinstated Complaint is due to be dismissed as it was filed beyond the two year statute of limitations for 42 U.S.C. § 1983 claims. Alternatively, Tillman contends that even if the Court does find Plaintiff's complaint to be timely, it is due to be dismissed because he is entitled to sovereign and qualified immunity. Upon review of the relevant pleadings, the Court finds that Plaintiff's claim for violation of 42 U.S.C. §1983 against Defendant Tillman is **due to be DISMISSED**.

Pursuant Ala. Code §6-2-38 (l) (1975), personal injury actions are subject to a two year statute of limitations. *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998) ("Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983[.]") In the instant case, the denial of medical attention aggrieved of in this action occurred between October 10 and 13, 2003. (Complaint, Doc. 1, p. 2-5). Plaintiff's initial Complaint was filed in this Court on May 26, 2004. This Court, however, dismissed (Doc. 15) this case, without prejudice, on May 5, 2005 on the motion (Doc. 14) of Plaintiff's counsel. Plaintiff alleges (Doc. 16) that his counsel, Steven L. Terry, Esq., requested the dismissal without his knowledge or

approval. Therefore, on October 24, 2005, the Court granted (Doc. 17) Plaintiff's request to reinstate this suit. This reinstatement, though not by many days, is clearly outside Alabama's statute of limitations for such claims.

In Plaintiff's response to the motion to dismiss, he seemingly is seeking an equitable tolling of the statute of limitations based on the circumstances surrounding the original dismissal of his case. More specifically, he cites that he was unaware of the original dismissal until June 2005 and, after several attempts, did not procure his file from counsel until late September 2005.

The general rule within our circuit is that a plaintiff is not automatically entitled to equitable tolling when his lawsuit has been previously dismissed without prejudice. *Justice v. U.S.*, 6 F.3d 1474, 1478-79 (11th Cir. 1993). Furthermore, the Supreme Court has noted that the equitable tolling doctrine is only to be used sparingly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). In fact, the Eleventh Circuit has held "[e]quitable tolling is appropriate when a movant untimely files because of *extraordinary circumstances* that are both beyond his control and unavoidable even with due diligence." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (citing *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). The burden to demonstrate that such tolling is warranted lies with the plaintiff. *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (citing *Justice*, 6 F.3d at 1479).

Though the Court sympathizes with Plaintiff's predicament, we do not find that equitable tolling can be justified in the instant matter. Though Plaintiff may not have consented to the original dismissal of his claims, he did become aware of it in June 2005 - several months before the statute of limitations ran out. Further, even if he was waiting on his counsel, Mr. Terry, to re-file his case up until the date on which his file was finally returned, that date occurred in late September 2005 - still prior to the statutory deadline. The Court finds that Plaintiff could have been more diligent and

sought reinstatement prior to the expiration of the statute of limitations. Based on the facts before us, Smith has not demonstrated that he is entitled to the "extraordinary remedy" of equitable tolling.

The Court hereby finds that Plaintiff Smith impermissibly re-filed this suit beyond the applicable two year statute of limitations for actions of this nature. Therefore, no further analysis as to Defendant Tillman's defenses of sovereign and qualified immunity are necessary. Defendant Tillman's motion (Doc. 20) is **hereby GRANTED** and Plaintiff Smith's reinstated Complaint, as to Defendant Tillman, is **hereby DISMISSED**.

**So ORDERED**, this 21st day of February, 2006.

s/ W. B. Hand<br>
SENIOR DISTRICT JUDGE